FILED

06/01/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 20-0450

DA 20-0450

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 139N

IN THE MATTER OF THE GUARDIANSHIP OF:

S.C.J.,

     A Protected Person.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Jefferson, Cause No. DG 2014-02
Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        S.C.J., Self-represented, Helena, Montana

    For Appellee:

        T.J., S.J., Self-represented, Clancy, Montana

Submitted on Briefs:  May 5, 2021

Decided:  June 1, 2021

Filed:

_____
Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 S.C.J. appeals from the Order issued August 12, 2020, by the Fifth Judicial District Court, Jefferson County, denying her motion to terminate the guardianship over her. We affirm.

¶3 On July 2, 2014, S.C.J.'s parents were appointed her permanent full co-guardians. On October 31, 2018, S.C.J. filed a pro se motion seeking to terminate her parents' guardianship over her, which her parents resisted. Following a hearing, the District Court denied S.C.J.'s motion to remove the guardianship. S.C.J. appeals.

¶4 The decision whether to terminate or continue a guardianship is a matter of discretion for the district court, which we review for an abuse of discretion. *In re Co-Guardianship of D.A.*, 2004 MT 302, ¶ 11, 323 Mont. 442, 100 P.3d 650; *see also* § 72-5-325(1), MCA. We will not disturb the findings supporting a district court's determination of whether to terminate a guardianship unless they are clearly erroneous. *In re J.A.L.*, 2014 MT 196, ¶ 7, 376 Mont. 18, 329 P.3d 1273.

¶5 In her briefing, it is difficult to determine the legal basis of S.C.J.'s appeal. S.C.J. generally contends she is no longer in need of a guardianship but does not assert particular

legal error by the District Court. In sum, S.C.J. seeks that we substitute the facts as perceived by her for those found by the District Court.

¶6      From our review of the record, it is clear the District Court well understood the totality of S.C.J.'s situation and what is needed to provide for her best interests. The District Court thoroughly detailed S.C.J.'s history supporting the initial guardianship, her ongoing challenges and service needs, and the court's consideration of her inability to live fully independently and provide for her own needs, safety, and services independently from her co-guardians. It is not this Court's function to reweigh conflicting evidence or substitute its judgment regarding the strength of the evidence for that of the district court. *In re Marriage of Williams*, 2018 MT 221, ¶ 5, 392 Mont. 484, 425 P.3d 1277; *Cenex Pipeline, LLC v. Fly Creek Angus, Inc.*, 1998 MT 334, ¶ 31, 292 Mont. 300, 971 P.2d 781. While we commend S.C.J. for the gains she has made and we, like the District Court, appreciate her desire for complete independence and the hard work she has put in to achieve such, we conclude the District Court's findings are not clearly erroneous and the court did not abuse its discretion in maintaining S.C.J.'s guardianship.

¶7      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶8      Affirmed.

/S/ INGRID GUSTAFSON

3

We concur:

/S/ JIM RICE
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA